UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY ZIELINSKI, on behalf of himself and all
others similarly situated,

                    Plaintiff,

v.

ANTHONY J. ANNUCCI, Acting Comm'r, NYS
Dep't of Corr. and Cmty. Supervision;
and JOSEPH BELLNIER,

                    Defendants.
_____

9:17-CV-1087
(GTS/CFH)

APPEARANCES:

JEREMY ZIELINSKI, 16-A-3601
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. LETITIA A. JAMES
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

OF COUNSEL:

DAVID A. ROSENBERG, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Jeremy Zielinski ("Plaintiff") against the two above-captioned employees of the New York State Department of Corrections and Community Supervision or "DOCCS" ("Defendants"), are (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that the Court deny Defendant Annucci's motion to dismiss for failure to state a claim, (2)

Plaintiff's Objection to the Report-Recommendation, (3) Plaintiff's supplemental declaration in support of his cross-motion to amend his Complaint, and (4) Plaintiff's letter requesting that, in considering his Objections, the Court take judicial notice of Exhibit A to Plaintiff's supplemental declaration. (Dkt. Nos. 47, 58, 59, 60.) For the reasons set forth below, the Court accepts and adopts Magistrate Judge Hummel's Report-Recommendation and denies Plaintiff's letter-request regarding judicial notice.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint and Amended Complaint

Generally, Plaintiff's Complaint challenged DOCCS' policy (embodied in Directive #4921) of prohibiting inmates at facilities that sell to inmates personal television sets through the commissary (which include Clinton Correctional Facility) from receiving books, magazines, educational supplies, religious materials, and other items that are otherwise permissible under DOCCS' "package" policy (embodied in Directive #4911). (Dkt. No. 1.)

Surviving the Court's Decision and Order of January 1, 2018, were the following three claims asserted by Plaintiff, all against Defendant Annucci: (1) Plaintiff's First Amendment free-flow-of-mail claim; (2) his Fourteenth Amendment procedural due process claim; and (3) his Fourteenth Amendment substantive due process claim. (Dkt. No. 10.)

Following Magistrate Judge Hummel's issuance of an Order granting in part and denying in part Plaintiff's cross-motion to amend his Complaint, Plaintiff filed an Amended Complaint adding as Joseph Bellnier as a Defendant, and adding against both Defendants a claim based on his First Amendment right to receive information and ideas. (Dkt. Nos. 47, 48.)

### B. Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel recommended that the Court deny Defendant Annucci's motion to dismiss for failure to state a claim because Plaintiff's Complaint has alleged facts plausibly suggesting that Annucci was personally involved in the constitutional violations alleged pursuant to the third and fifth factors set forth in *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995). (Dkt. No. 47, at Part II.)

### C. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection, Plaintiff asserts the following arguments: (1) Magistrate Judge Hummel erred in finding Defendant Annucci personally involved based on only the third and fifth Colon factors, because Annucci was personally involved also on the fourth Colon factor and under the third Colon factor based on two additional grounds; (2) Magistrate Judge Hummel lacked the authority to partially deny Plaintiff's cross-motion to amend on the ground of futility, because that ruling is dispositive in nature; and (3) Magistrate Judge Hummel erred by directing service of Plaintiff's unsigned Amended Complaint, which violates Fed. R. Civ. P. 11(a), and by failing to rule on Plaintiff's request for permission to "file" the Amended Complaint by signing and submitting the signature page alone. (Dkt. No. 58.)

### D. Plaintiff's Supplemental Declaration in Support of His Cross-Motion to Amend His Complaint

Generally, in his supplemental declaration in support of his cross-motion to amend his Complaint, Plaintiff seeks leave to submit, as "Exhibit A" to that cross-motion, copies of a grievance, denial by Clinton Correctional Facility's Inmate Grievance Resolution Committee, appeal to the Superintendent of Clinton Correctional Facility, decision of the Superintendent, appeal to CORC and decision by CORC. (Dkt. No. 59.)

### E. Letter-Request that the Court Take Judicial Notice

Generally, in his letter-request, Plaintiff requests that the Court take judicial notice of Exhibit A to Plaintiff's supplemental declaration. (Dkt. No. 60.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the

4

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

As an initial matter, the Court finds that Plaintiff's Objection does not contain a challenge to the Report-Recommendation sufficient to trigger a *de novo* review. *See, supra,* Part II of this Decision and Order. The Court renders this finding for two alternative reasons: (1) Plaintiff's challenge consists of a repetition of arguments made in his opposition to Defendants' motion (*compare* Dkt. No. 58, at Points "1.A.," "1.B.," and "1.C.," *with* Dkt. No. 37, Attach. 1, at Point II.B."); and (2) in any event, Plaintiff's Objections ultimately request that the Court do what Magistrate Judge Hummel recommends in his Report-Recommendation (i.e., deny

---

Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Defendants' motion due to a rejection of their lack-of-personal-involvement argument).[5]

Even if the Court were mistaken and Plaintiff's Objection does contain a challenge sufficient to trigger a *de novo* review, the Court could find no error in the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only three brief points.

First, because Plaintiff's second argument (in his Objection) consists of a challenge to Magistrate Judge Hummel's Order denying his motion to amend, that challenge is not governed by the deadline for an Objection to a Report-Recommendation (and the Court's two extensions of that deadline) but the fourteen-day deadline for appeals from non-dispositive orders of magistrate judges. N.D.N.Y. L.R. 72.1(b). As a result, Plaintiff's challenge is untimely. In the alternative, the Court finds that Magistrate Judge Hummel's Order is not clearly erroneous. Plaintiff is mistaken that a magistrate judge lacks the authority to deny Plaintiff's cross-motion to amend a complaint on the ground of futility.[6]

Second, Plaintiff's supplemental declaration and letter-request for the Court to take

---

[5] The Court notes that (and assuming Defendants do not file a successful motion for summary judgment) the Court would be inclined to permit Plaintiff to adduce at trial the evidence he desired to establish Defendants' personal involvement.

[6] *See, e.g., Kilcullen v. New York State Dept. of Transp.*, 55 F. App'x 583, 584 (2d Cir. 2003) (referring to denial of motion to amend based on futility as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636[b][1][A]); *Johnson v. Dept. of Homeless Serv.*, 00-CV-3920, 2001 WL 246370 (S.D.N.Y. March 12, 2001) (Fox, M.J.) (denying motion to amend on futility grounds without issuing report-recommendation), *aff'd sub nom. Johnson v. Doe*, No. 01-7522, 2002 WL 730849 (2d Cir. Apr. 25, 2002).

judicial notice are in vain. As the Court has previously explained, that there is no pending appeal or objection to which the records in question are relevant. In any event, as explained above in Part II of this Decision and Order, ordinarily the Court will refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. Here, the Court finds no reason to depart from that general practice: Plaintiff does not sufficiently explain why he could not have presented these documents to Magistrate Judge Hummel, or why the Court should take judicial notice of them now pursuant to Fed. R. Evid. 201 under the circumstances.[7]

Third, and finally, Plaintiff raises a good point about the service of an unsigned Amended Complaint. He is directed to promptly file a signed signature page, which shall be substituted in Dkt. No. 48, and then re-served on Defendant Bellnier.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 47) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Annucci's motion to dismiss (Dkt. No. 22) is **DENIED**; and it is further

---

[7] The Court notes that the *Moor* case that Plaintiff cites involved "records maintained by DOCS in connection with the Inmate Grievance Program," and submitted by the defendants in support of a failure-to-exhaust argument. *Moor v. Fischer*, 10-CV-4038, 2011 WL 2988527, at *2-3 (S.D.N.Y. July 22, 2011). However, the records at issue in this case have not been shown to be maintained by DOCCS but by Plaintiff; and Defendants have made no such failure-to-exhaust argument (Dkt. No. 22, Attach. 1; Dkt. No. 44). Moreover, the *Moreau* case that Plaintiff cites involved CORC records submitted by the defendants in support of a failure-to-exhaust argument. *Moreau v. Peterson*, 14-CV-0201, 2015 WL 4272024, at *7 n.2 (S.D.N.Y. July 13, 2015), *aff'd*, 672 F. App'x 119 (2d Cir. 2017). Again, here, Defendants have made no such submission or argument (Dkt. No. 22, Attach. 1; Dkt. No. 44).

**ORDERED** that Plaintiff's letter-request regarding judicial notice (Dkt. No. 60) is **DENIED**; and it is further

**ORDERED** that Plaintiff shall promptly file a signed signature page, which shall be substituted for the blank signature page in Dkt. No. 48, and then the signed Amended Complaint shall promptly be re-served on Defendant Bellnier by the U.S. Marshal Service; and it is further

**ORDERED** that Defendant Annucci file an answer to the Plaintiff's Amended Complaint within fourteen (14) days of the date that Plaintiff files his signed signature page to his Amended Complaint.

Dated: March 22, 2019
      Syracuse, New York

Hon Glenn T. Suddaby
Chief U.S. District Judge