UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY ZIELINSKI, on behalf of himself
and all others similarly situated,

                        Plaintiff,
                                                                    9:17-CV-1087
v.                                                                  (GTS/CFH)

ANTHONY J. ANNUCCI, Acting Comm'r, on behalf
of NYS DOCCS; and JOSEPH BELLNIER,

                        Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

JEREMY ZIELINSKI, 16-A-3601
    Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. LETITIA A. JAMES                                        CHRIS LIBERATI-CONANT, ESQ.
Attorney General for the State of New York                  Assistant Attorney General
    Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Jeremy

Zielinski ("Plaintiff") against the two above-captioned employees of New York State

Department of Corrections and Community Supervision (DOCCS) ("Defendants") are (1) United

States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that

Plaintiff's motion for summary judgment be denied and that Defendants' cross-motion for

summary judgment be granted in part and otherwise denied, (2) Plaintiff's Objections and

Supplemental Objections to the Report-Recommendation, and (3) Defendants' Objections to the

Report-Recommendation.   (Dkt. Nos. 113, 117-19, 122-24.)   For the reasons set forth below,

Magistrate Judge Hummel's Report-Recommendation is accepted and adopted, Plaintiff's

motion for summary judgment is denied with prejudice, and Defendants cross-motion for

summary judgment is granted in part and otherwise denied without prejudice.

## I.    RELEVANT BACKGROUND

### A.    Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the

following five findings of fact and conclusions of law: (1) Plaintiff's Fourteenth Amendment

substantive due process claim should be dismissed because (a) he has failed to establish that

Defendants' actions were so egregious and outrageous or shocking that they may be fairly said to

shock the contemporary conscience, and (b) that claim is duplicative of his First Amendment

claims; (2) Plaintiff's Fourteenth Amendment void-for-vagueness claim should survive the

parties' cross-motions because (a) a genuine dispute of material fact exists regarding whether

Plaintiff had adequate notice of prohibited conduct and whether the officials applying Directives

4921 and 4911 were provided with adequate direction regarding the application of the Directives,

and (b) Defendants have not offered any explanation or argument regarding the Directives and

legitimate penological interests or institution security (sufficient to usurp the strict application of

the vagueness doctrine); (3) Plaintiff's Fourteenth Amendment procedural due process claims

should survive the parties' cross-motions because a genuine dispute of material fact exists

regarding whether Directives 4921 and 4911 were established state procedures; (4) Plaintiff's

First Amendment access-to-publications and access-to-mail claims should be dismissed because

he has failed to establish that Defendants were personally involved in the constitutional violations alleged; and (5) Defendants are not protected from liability as a matter of law by the doctrine of qualified immunity.   (Dkt. No. 113, at Part II.)

**B.      Defendants' Objection to the Report-Recommendation**

Generally, in their Objections, Defendants set forth the following three arguments: (1) Magistrate Judge Hummel erred in denying their motion for summary judgment with regard to Plaintiff's Fourteenth Amendment procedural due process claim and void-for-vagueness claim because, contrary to his interpretation of their motion papers, their lack-of-personal-involvement argument (which was accepted by him with regard to Plaintiff's First Amendment claims) was also leveled at, and applies to, Plaintiff's Fourteenth Amendment procedural due process claim and void-for-vagueness claim; (2) an additional reason that Magistrate Judge Hummel erred with regard to Plaintiff's purported Fourteenth Amendment void-for-vagueness claim is that the claim was never asserted in Plaintiff's Amended Complaint; and (3) Magistrate Judge Hummel erred in rejecting Defendants' qualified immunity argument because (a) that argument was leveled at all of Plaintiff's claims and (b) it was, although admittedly "terse," supported by both relevant law and admissible record evidence of a lack of personal involvement.   (Dkt. No. 117, at Points I-II.)

**C.      Plaintiff's Objections to the Report-Recommendation**

Generally, in his Objections to the Report-Recommendation, Plaintiff asserts the following two arguments: (1) because Magistrate Judge Hummel overlooked Plaintiff's "information and ideas claim" (which is distinct from his "free flow of mail claim"), the Report-Recommendation should be amended to address that claim and Plaintiff should be permitted an opportunity to file objections after that amendment; and (2) because Magistrate

Judge Hummel incorrectly analyzed Plaintiff's claim regarding *The Skeptic's Annotated Bible* in light of his grievance CL-70772-17 (when in fact the Department of Corrections and Community Supervision never responded to his grievance regarding that claim), the Report-Recommendation should be amended to properly analyze that claim and Plaintiff should be permitted an opportunity to file objections after that amendment.   (Dkt. No. 118.)

D.      **Defendants' Response to Plaintiff's Objections**

Generally, in their Response to Plaintiff's Objections, Defendants assert the following three arguments: (1) because Plaintiff's above-described arguments were cast as grounds for reconsideration submitted to Magistrate Judge Hummel, they should not be construed as Objections; (2) even if they are construed as Objections, Plaintiff's first argument is immaterial in that (a) he identifies no specific challenge to Magistrate Judge Hummel's finding that Defendants' lack of notice compels the dismissal of Plaintiff's First Amendment claims, and (b) no clear error exists with regard to that finding; and (3) similarly, his second argument is immaterial in that he never explains how Magistrate Judge Hummel's purported error affected his recommendations.   (Dkt. No. 119.)

E.      **Plaintiff's Supplemental Objections to the Report-Recommendation**

Generally, in his Supplemental Objections, Plaintiff asserts the following five arguments: (1) Magistrate Judge Hummel's recitation of the undisputed material fact contains two errors (specifically, it fails to mention the exhausted grievance that Plaintiff filed challenging the interception of *The Skeptic's Annotated Bible*, and it fails to address the effect that the TV restrictions had on Plaintiff's access to publications); (2) Magistrate Judge Hummel erroneously found that Plaintiff's Fourteenth Amendment substantive due process claim should be dismissed

4

because (a) Plaintiff need not show that Defendants' conduct was shocking in order to show that it was arbitrary, and (b) the finding ignores the fact that, during an eighteen-month period, Plaintiff failed to receive any package except food; (3) Magistrate Judge Hummel erroneously recommended the denial of Plaintiff's motion with regard to his Fourteenth Amendment void-for-vagueness claims because (a) the Report-Recommendation used an erroneously lenient vagueness test promulgated by the Third Circuit, (b) Plaintiff need not prove that as a matter of law the Directives fail both vagueness prongs, only one of them, (c) based on the current record, the Directives did not provide Plaintiff with adequate notice as a matter of law (given the limited text of the Directives, the four different types of failures of notice that occurred, and the inadequate nature of the grievance responses), and (d) based on the current record, the Directives did not provide adequate staff constraints as a matter of law; (4) Magistrate Judge Hummel erroneously recommended the denial of Plaintiff's motion with regard to his Fourteenth Amendment procedural due process claim because it is undisputed that Plaintiff's parcels were intercepted pursuant to Directives 4921 and 4911, which were established state procedures; and (5) Magistrate Judge Hummel erroneously found that Plaintiff's First Amendment rights should be dismissed because (a) as a threshold matter, Defendants failed to meet their burden of articulating a legitimate penological interest that justified the impingement on Plaintiff's First Amendment rights, and (b) in any event, Defendants were personally involved in the constitutional violations alleged in that they created Directives 4921 and 4911, which they reasonably should have known would have cause subordinates to deprive Plaintiff of his First Amendment rights.   (Dkt. No. 122, at Points I through IV.)

     **F.**     **Plaintiff's Response to Defendants' Objections**

Generally, in his Response to Defendants' Objections, Plaintiff asserts the following three arguments: (1) although Defendants are correct that their lack-of-personal-involvement argument applies to all of Plaintiff's claims, that argument is without merit because their personal approval of Directives 4911 and 4921, knowing those Directives' content, renders them personally involved in all of the constitutional violations alleged; (2) Defendants' argument that Plaintiff's "void for vagueness" claim was never asserted in his Amended Complaint is perplexing because that claim has been repeatedly raised and recognized throughout this case (e.g., Dkt. No. 10, at 21-22; Dkt. No. 47, at 13, n.10, 24, 26; Dkt. No. 48, at ¶¶ 138-40; Dkt. No. 96, Attach. 2, at 2, 17-20); and (3) Magistrate Judge Hummel correctly determined that Defendants are not entitled to qualified immunity, because their argument conflates their lack-of-personal-involvement argument with a qualified immunity analysis.   (Dkt. No. 123.)

>   **G.   Defendants' Response to Plaintiff's Supplemental Objections**

Generally, in their response to Plaintiff's supplemental objections, Defendants rely on their prior post-Report-Recommendations submissions (i.e., Dkt. Nos. 117 and 119).   (Dkt. No. 124.)

## II.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.   Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).   To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."   N.D.N.Y. L.R. 72.1(c).[1]

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks

---

reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).   Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in

---

[3]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. §

636(b)(1)(C).

## III.   ANALYSIS

For the sake of brevity, the Court will assume that the arguments asserted by Plaintiff in

his Objections (and Supplemental Objections) are not simple reiterations of the arguments set

forth in his memoranda of law submitted to Magistrate Judge Hummel, thus triggering a scrutiny

greater than clear-error review.   (*Compare* Dkt. No. 96, Attach. 2, at Points I.B. through I.H.

[Plf.'s Memo. of Law] *and* Dkt. No. 110, Attach. 1, at Points I and II [Plf.'s Combined Reply

and Opp'n Mem. of Law] *with* Dkt. No. 122, at Points II through V [Plf.'s Obj.].)

Beginning its analysis with Plaintiff's Fourteenth Amendment substantive due process

claim (to the extent that claim is distinct from Plaintiff's void-for-vagueness claim), the Court

adopts Magistrate Judge Hummel's Report-Recommendation regarding that claim for the reasons

stated in the Report-Recommendation.   *See, supra,* Part I.A. of this Decision and Order.   Even

subjecting this portion of the Report-Recommendation to a de novo review, the Court can find no

error in it: Magistrate Judge Hummel employed the proper standards, accurately recited the facts,

and reasonably applied the law to those facts.   *Id*.   The Court notes that, even if the Court were

to find Plaintiff's two assignments of error to be material (which the Court does not), Plaintiff's

challenge to this portion of the Report-Recommendation neglects to refute the alternative basis

for the dismissal of this claim: the fact that it is duplicative of Plaintiff's First Amendment

claims.   *See, supra,* Part I.E. of this Decision and Order.

Turning to Plaintiff's Fourteenth Amendment void-for-vagueness claim, the Court adopts

Magistrate Judge Hummel's Report-Recommendation regarding that claim for the reasons stated

in the Report-Recommendation, with one modification (to be discussed in the following paragraph). *See, supra,* Part I.A. of this Decision and Order.   Even subjecting this portion of the Report-Recommendation to a de novo review, the Court can find no error in it: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   *Id.*   The Court rejects as immaterial and/or unsupported each of Plaintiff's four challenges to Magistrate Judge Hummel's recommendation that he be denied summary judgment with regard to this claim.   *Id.* at Part I.E. of this Decision and Order. Moreover, based on their current briefs, Defendants have not persuaded the Court that its finding of their lack of personal involvement in Plaintiff's claimed First Amendment violations mandates a finding of their lack of personal involvement in his Fourteenth Amendment void-for-vagueness claim. *Id.* at Part I.B. of this Decision and Order.

As for the above-referenced modification to this recommendation, the Court finds that the denial of Defendants' motion with regard to it should be merely without prejudice.   Although the special solicitude that must be afforded to Plaintiff as a *pro se* litigant requires the Court to liberally construe his Amended Complaint as asserting a void-for-vagueness claim (given that pleading's factual allegations), the Court acknowledges that it does not appear to have conspicuously so construed his Amended Complaint before the parties' cross-motions for summary judgment were filed.   Perhaps this is why Defendants did not brief various issues regarding it (such as the existence of any legitimate penological interests).   In any event, the Court is wary of summoning a jury to hear and decide this claim when it may well be that no genuine dispute of material fact exists regarding it.   Moreover, permitting Defendants to again move for summary judgment on this claim would enable them to (not simply brief the

above-referenced issues but) better explain and support the purported applicability of the

lack-of-personal-involvement argument to it (and provide the Court with the benefit of

Magistrate Judge Hummel's findings and conclusions regarding that purported applicability).

Finally, it would provide similar benefits with regard to Defendants' admittedly "terse"

qualified-immunity argument, to the extent it purportedly still applies to this claim.

       With regard to Plaintiff's Fourteenth Amendment procedural due process claims, the

Court adopts Magistrate Judge Hummel's Report-Recommendation regarding that claim for the

reasons stated in the Report-Recommendation, with the same modification as stated in the

preceding paragraph: the denial of Defendants' motion with regard to it should be merely

without prejudice.   Even subjecting this portion of the Report-Recommendation to a de novo

review, the Court can find no error in it: Magistrate Judge Hummel employed the proper

standards, accurately recited the facts, and reasonably applied the law to those facts.   *See, supra,*

Part I.A. of this Decision and Order.   The Court rejects as immaterial and/or unsupported

Plaintiff's challenge to Magistrate Judge Hummel's recommendation that he be denied summary

judgment with regard to this claim.   *Id.* at Part I.E. of this Decision and Order.   Moreover,

based on their current briefs, Defendants have not persuaded the Court that its finding of their

lack of personal involvement in Plaintiff's claimed First Amendment violations mandates a

finding of their lack of personal involvement in his Fourteenth Amendment procedural due

process claim. *Id*. at Part I.B. of this Decision and Order.   However, permitting them to again

move for summary judgment on this claim would (1) enable them to better explain the purported

applicability of the lack-of-personal-involvement argument to it (and provide the Court with the

benefit of Magistrate Judge Hummel's findings and conclusions regarding that purported

applicability), and (2) provide similar benefits with regard to Defendants' qualified-immunity argument, to the extent it purportedly still applies to this claim.

Finally, with regard to Plaintiff's First Amendment claims, the Court adopts Magistrate Judge Hummel's Report-Recommendation regarding those claims for the reasons stated in the Report-Recommendation, as well as the reasons stated in Defendants' response to Plaintiff's Objections. *See, supra,* Parts I.A. and I.D. of this Decision and Order. Even subjecting this portion of the Report-Recommendation to a de novo review, the Court can find no error in it: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. *Id*. at Part I.A. of this Decision and Order. The Court rejects as immaterial and/or unsupported each of Plaintiff's two challenges to Magistrate Judge Hummel's recommendation that Plaintiff be denied summary judgment with regard to this claim. *Id.* at Part I.E. of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 113) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 96) is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion for summary judgment (Dkt. No. 104) is **GRANTED** with respect to Plaintiff's Fourteenth Amendment substantive due process claim (other than his void-for-vagueness claim) and Plaintiff's First Amendment claims but is **otherwise DENIED without prejudice** to refiling within a deadline to be set by Magistrate Judge Hummel.

Dated: March 26, 2021
        Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge